627 P.2d 239

**McAFEE–GUTHRIE, INC., Petitioner,**

v.

**DIVISION OF OCCUPATIONAL SAFETY AND HEALTH OF the INDUSTRIAL COMMISSION OF ARIZONA, Respondent.**

No. 1 CA–IC 2422.

Court of Appeals of Arizona,
Division 1,
Department C.

March 1, 1981.

Rehearing Denied April 7, 1981.

Review Denied April 21, 1981.

Bethancourt & Fuller, P. C. by Donald O. Fuller, Mesa, for petitioner.

The Industrial Commission of Arizona, Calvin Harris, Chief Counsel by Roger Rea, Phoenix, for respondent.

FROEB, Judge.

Petitioner McAfee-Guthrie, Inc., was cited by the Division of Occupational Safety and Health of the Industrial Commission of Arizona (OSHA) pursuant to A.R.S. § 23–403 for two violations. The petitioner has exhausted his administrative remedies and brought this special action pursuant to A.R.S. § 23–423(I) to contest one of those violations.

On September 9, 1977, McAfee-Guthrie was installing sewer lines in Mesa. Two union pipefitters, Russell and Plummer, were laying sewer pipe in a ditch that was twenty feet deep. While working in this ditch, they were protected by a steel trench box. This device, used as a protection against cave-ins, is approximately twenty feet in length and height and is pushed against the walls by means of hydraulic equipment. Apparently at some point a pile of dirt had built up in front of the trench box so that it could not be pulled forward with its cable. A large backhoe was unable to position itself so as to be able to remove the dirt. Thereupon, Russell and Plummer left the protection of the trench box by climbing over a five-foot steel mesh safety fence at the end of the box and began the task of loading dirt into a fifty-five gallon drum which was lowered and raised by a crane. The two men had been in the trench about ten minutes when a cave-in occurred. Plummer ran away from the trench box and escaped the collapse. Russell, however, unsuccessfully attempted to get back in the trench box and was seriously injured.

On October 3, 1977, McAffee-Guthrie was cited for two serious [1] violations pursuant to A.R.S. § 23–403.[2] Only one citation is at issue in this special action and that was for violation of 29 C.F.R. § 1926.652(e).[3] That regulation, along with paragraph (b) of that section, reads as follows:

(b) Sides of trenches in unstable or soft material, 5 feet or more in depth, shall be shored, sheeted, braced, sloped, or otherwise supported by means of sufficient strength to protect the employees working within them.

. . . .

(e) Additional precautions by way of shoring and bracing shall be taken to prevent slides or cave-ins when excavations or trenches are made in locations adjacent to backfilled excavations, or where excavations are subjected to vibrations from railroad or highway traffic, the operation of machinery, or any other source.

The penalty assessed for that violation was $550.00. A protest was filed and a formal hearing was held. The hearing officer affirmed the citation but reduced the penalty to $250.00.

Thereafter, review before the Occupational Safety and Health Review Board was sought pursuant to A.R.S. §§ 23–421(C), –423(A), and –423(B). The Board affirmed the hearing officer's conclusions and McAfee-Guthrie then filed this special action.

---

1. There are serious, A.R.S. § 23–401(12), and nonserious, A.R.S. § 23–401(9), violations. This classification affects the penalty imposed.

2. A.R.S. § 23–403 states:

   A. Each employer shall furnish to each of his employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees.

   B. Each employer shall comply with occupational safety and health standards and all regulations and orders issued pursuant to this article.

3. The word "standard" in A.R.S. § 23–403(B) is defined as "any occupational safety and health standard which has been adopted and promulgated by . . . the federal government." A.R.S. § 23–401(13). Therefore, the inspector in this case cited federal regulations as the basis for finding violations.

■ Initially, we note that this court will hold the Occupational Safety and Health Review Board's findings to be conclusive if they are supported by substantial evidence. A.R.S. § 23–423(I). This is the same standard that is applied in the federal jurisdiction. *See National Realty and Construction Co. v. OSHRC*, 489 F.2d 1257, 1260 N. 4 (D.C. Cir. 1973); 29 U.S.C. § 660(a) (1976).

■ The main contention raised by petitioner in this action is whether there was sufficient evidence to find a violation of 29 C.F.R. § 1926.652(e). Its principal argument is that this was an isolated incident in which the injured employees were working outside the scope of their duty without the employer's knowledge. Since there was little evidence on this point offered below, the question becomes one of burden of proof. OSHA takes the position that lack of employer knowledge is an affirmative defense. McAfee-Guthrie contends that the existence of knowledge on the part of the company must be proved in OSHA's case-in-chief. We note that although burden of proof was not discussed anywhere below, it can be raised on appeal for the first time because it is a fundamental legal question. *See Brennan v. OSHRC*, 511 F.2d 1139 (9th Cir. 1975).

■ The clear rule in the federal courts is OSHA must prove, as part of its *prima facie* case, that the employer had knowledge of the occurrence of violation. *See, e. g., Mountain States Telephone & Telegraph Co. v. OSHRC*, 623 F.2d 155 (10th Cir. 1980); *Ocean Electric Corp. v. Secretary of Labor*, 594 F.2d 396 (4th Cir. 1979); *Horne Plumbing and Heating Co. v. OSHRC*, 528 F.2d 564 (5th Cir. 1976); *Cape and Vineyard Division of New Bedford Gas v. OSHRC*, 512 F.2d 1148 (1st Cir. 1975); *Brennan v. OSHRC*, 511 F.2d 1139 (9th Cir. 1975). The support for this position is found in 29 C.F.R. § 2200.73(a), which places the initial burden of proof on OSHA, and in 29 U.S.C.

§ 666(j) (1976), which defines a serious violation as an injury or death "unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." Interpreting the provisions together, the federal courts have held that OSHA must prove that the violation occurred with employer knowledge. The federal statute upon which the federal courts base this conclusion is virtually identical to A.R.S. § 23–401(12).[4] We apply the federal rule to these state proceedings.

■ In applying this rule to the present case, we find that OSHA presented evidence that the violation in question occurred with employer knowledge. Through hearsay statements to which petitioner did not object, the OSHA inspector related what McAfee-Guthrie employees had told him about the digging-out procedure:

[I]t was the procedure used when this situation arose; that normally if there were material left in the bottom of the trench, the shield would just be dragged to smooth or level it out. On those occasions where it was too much material or it was piled too high to do that, then the normal procedure was to take it out with the hand shoveling from outside the shield.

This testimony was sufficient to establish a *prima facie* case that the company knew that violations were occurring.

Once this evidence was presented, the burden shifted to McAfee-Guthrie to show a lack of knowledge, but it did not meet this burden. Russell, who was severely injured and cannot remember what happened the day of the cave-in, gave inconsequential testimony. The other employee, Plummer, had only worked for McAfee-Guthrie for one week, and thus his testimony that he had never hand-dug accumulated dirt before was not helpful. There were no other witnesses presented relating to the violation

---

4. A.R.S. § 23–401(12) states:

"Serious violation" means a condition or practice in a place of employment which violates a standard, regulation or § 23–403, subsection A and produces a substantial proba-

bility that death or serious physical harm could result, unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of such condition or practice.

in question. Since McAfee-Guthrie did not present any evidence contrary to what OSHA had presented, we find there is substantial evidence to support the Review Board's order affirming the citation and penalty.

McAfee-Guthrie also raises in this special action the issue of prejudice at the Review Board hearing. At that hearing, the attorney for OSHA during his oral argument commented on another cave-in that had just occurred and stated: "The two guys that they dug out yesterday down here were—just plenty lucky." Although such a statement is wholly inappropriate, we are unable to find it so prejudicial as to require reversal.

For the reasons discussed, the order of the Occupational and Health Review Board is affirmed.

O'CONNOR, P. J., and WREN, J., concur.